IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERMAN C.O.[1],<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil No. 23-1596 (GLS) |

**OPINION AND ORDER**

Plaintiff seeks review of the Commissioner of the Social Security Administration's (the "SSA") denial of his application for Social Security Disability Insurance benefits ("SSDI"). Docket Nos. 3. Plaintiff sustains that the decision should be reversed because it was not supported by substantial evidence and was based on incorrect legal standards. Docket No. 15. The Commissioner opposed. Docket No. 18. The parties consented to the entry of judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. §636(c). Docket No. 8. After careful review of the administrative record and the parties' briefs, the Commissioner's decision denying disability benefits is **AFFIRMED**.

**I.   Procedural Background**

Plaintiff worked as a security officer until 2009. Tr. 13, 30, 454.[2] On February 18, 2021, Plaintiff filed an application for SSDI claiming that, as of August 18, 2009, the following conditions limited his ability to work: major depression, bipolar disorder, generalized anxiety, panic attacks, insomnia, schizophrenia, high blood pressure, diabetes type 2, diabetic neuropathy, folliculitis, morbid obesity, asthma, and allergies. Tr. 454. The application was denied initially and upon reconsideration. Tr. 443-465. Plaintiff requested a hearing before an Administrative Law

---

[1]   Plaintiff's last name is omitted for privacy reasons.

[2]   "Tr." refers to the transcript of the record of proceedings.

Judge ("ALJ") and, on July 19, 2022, a hearing was held via telephone before ALJ Kimberly Wyatt. Tr. 27-38. Plaintiff testified and was represented by counsel. Id. Vocational Expert ("VE") Michael Becerra testified at the hearing. Id. On October 20, 2022, the ALJ issued a decision finding that Plaintiff was not disabled, as defined in the Social Security Act, at any time from the onset date of August 18, 2009, through September 30, 2011, the last date insured. Tr. 10-15. Plaintiff asked the Appeals Council to review but the request was denied on November 16, 2023, rendering the Commissioner's decision the final decision for review by this Court. Tr. 1-6. On December 1, 2023, Plaintiff initiated this action and both parties filed memoranda in support of their respective positions. Docket Nos. 15, 18.

## II. Legal Framework

### A. Disability Determination by the SSA: Five Step Process

To receive benefits under the Social Security Act, the ultimate question is whether plaintiff is disabled within the meaning of 42 U.S.C. §423(d). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See id. The severity of the impairment must be such that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work which exists in the national economy." 42 U.S.C. §423(d)(2)(A). The burden of proving disability rests on plaintiff. 42 U.S.C. § 423(d)(5)(A); Bowen v. Yuckert, 482 U.S. 137, 146 (1987).

The Commissioner engages in a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §404.1520; Bowen, 482 U.S. at 140-42. At step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity" and, if so, the claimant is not disabled. 20 C.F.R. §404.1520(b). If not engaged in substantial gainful activity, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments that significantly limit his physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c). The step two severity requirement imposes a *de minimis* burden, which is designed to screen out groundless claims. McDonald v. Secretary, 795 F.2d 1118, 1123 (1st Cir. 1986). If the impairment or combination of impairments is severe, the third step applies. The ALJ must determine whether the claimant's severe impairments meet the requirements of a "listed impairment", which the Commissioner acknowledges are so severe as to

preclude substantial gainful activity. See 20 C.F.R. §404.1520(d); 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant has a "listed impairment" or an impairment equivalent in severity to a "listed impairment", the claimant is considered disabled. If the claimant's impairment does not meet the severity of a "listed impairment", the ALJ must determine the claimant's Residual Function Capacity ("RFC"). 20 C.F.R. §404.1520(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations due to impairments. 20 C.F.R. §404.1520(e); §404.1545(a)(1). At step four, the ALJ must determine, taking into consideration the RFC, whether the claimant can perform past relevant work. 20 C.F.R. §404.1520(f); §416.920(f). If not, then the fifth and final step applies.

At steps one through four, the claimant has the burden of proving he cannot return to his former employment due to the alleged disability. Santiago v. Secretary, 944 F.2d 1, 5 (1st Cir. 1991). However, at step five, the Commissioner has the burden to prove the existence of other jobs in the national economy that claimant can perform. 20 C.F.R. §404.1520(g); Ortiz v. Secretary of Health & Human Services, 890 F.2d 520, 524 (1st Cir. 1989). If there are none, the claimant is entitled to disability benefits. 20 C.F.R. §404.1520(f).

### B. Standard of Review

The Court may affirm, modify, reverse, or remand the decision of the Commissioner based on the pleadings and transcript. 42 U.S.C. §405(g). The Court's role is limited to deciding whether the ALJ's decision is supported by substantial evidence in the record and based on a correct legal standard. See id.; Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Manso-Pizarro v. Secretary, 76 F.3d 15, 16 (1st Cir. 1996); Ortiz v. Secretary, 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's findings of fact are conclusive when supported by substantial evidence but not when obtained by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). "Substantial evidence" is more than a "mere scintilla." It is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018). Under the substantial evidence standard, "a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations" and "the threshold for such evidentiary sufficiency is not high". Biestek v. Berryhill, 587 U.S. 97, 103-04 (2019).

A determination of substantiality must be based in the record. Ortiz, 955 F.2d at 769. It is the Commissioner's responsibility to weigh credibility and to draw inferences from the evidence.

Rodríguez v. Secretary, 647 F.2d 218, 222 (1st Cir. 1981). Courts will not second guess the Commissioner's resolution of conflicting evidence. Irlanda Ortiz v. Secretary, 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's findings must be upheld if a reasonable mind, viewing the evidence in the record, could accept them as adequate to support his conclusion. Rodríguez, 647 F.2d at 222. And even if there is substantial evidence, which could arguably justify a different conclusion, the Court must uphold the ALJ's decision if supported by substantial evidence. 20 C.F.R. §404.1546(c); Rodríguez Pagán v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

### III.     Discussion

#### A.  The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 18, 2009, the alleged onset of disability. Tr. 12. At step two of the sequential process, the ALJ found that Plaintiff had the following medically determinable impairments pursuant to 20 C.F.R. §404.1520(c): asthma and morbid obesity. Id. But the ALJ concluded that the impairments were not severe and did not significantly limit Plaintiff's ability to perform basic work-related activities for twelve (12) consecutive months. Id. In reaching her conclusion, the ALJ stated that she considered all symptoms and the extent to which the symptoms could be reasonably found to be consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. §404.1529 and SSR 16-3p. The ALJ concluded that Plaintiff was not disabled from the alleged onset date, August 18, 2009, through September 30, 2011, the date last insured. Tr. 15.

#### B.  Plaintiff's Allegations of Error

Plaintiff seeks to review the Commissioner's decision on the following grounds: (1) the ALJ erred in determining that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities and (2) the ALJ failed to develop the record. The Court must determine whether there is substantial evidence to support the ALJ's determination at step two in the sequential evaluation process. The ALJ found that Plaintiff had medically determinable impairments that were not severe and did not significantly limit his ability to perform basic work functions, thus rendering him not disabled within the meaning of the Act. Tr. 12. Plaintiff argues that the ALJ should have developed the record and considered evidence from dates "close to either the onset date or the date last insured" at step two

inquiry. The Commissioner counters that the ALJ's findings were supported by substantial evidence and that the ALJ need not develop the record. Docket No. 18 at pp. 3-7.

The step two severity test is a *de minimis* screening for the ALJ to weed out groundless claims that would clearly result in a finding of non-disability, even if vocational factors were considered. McDonald v. Sec'y of Health and Human Servs., 795 F.2d 1118, 1125–1126 (1st Cir.1986). The step two analysis is two-fold: (1) whether a claimant has a medically determinable impairment or combination of impairments, and (2) whether the impairments or combination of impairments is severe, that is, that significantly limits or is expected to significantly limit the ability to perform basic work-related activities for twelve consecutive months. López-González v. Comm'r of Soc. Sec., 59 F.Supp.3d 372, 377 (D.P.R. Sept. 19, 2014). See also 20 C.F.R. §§ 404.1520(a)(4)(ii) and 404.1520(c). Basic work activities are "the abilities and aptitudes necessary to do most jobs. Examples of these include –

> (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>
> (2) capacities for seeing, hearing, and speaking;
>
> (3) understanding, carrying out, and remembering simple instructions;
>
> (4) use of judgment;
>
> (5) responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b). For claims of disability due to a mental condition, the severity standard is described more specifically in 20 C.F.R. § 404.1520a. Four areas of functioning are considered: (1) activities of daily living, (2) social functioning, (3) concentration, persistence or pace, and (4) deterioration or decompensation in work or work-like settings. A mental impairment is not severe if it imposes no limitation or a slight limitation on the first and second area, never or seldom limits the third area, and never limits the fourth area. Figueroa–Rodríguez v. Sec'y of Health and Human Servs., 845 F.2d 370, 372 (1st Cir.1988).

At steps one through four of the sequential evaluation, Plaintiff has the burden of proving that he cannot return to his former employment because of the alleged disability. López-González, 59 F.Supp.3d at 375. And at step two, Plaintiff has the burden of "establishing that he has a medically severe impairment– one that significantly limits his physical or mental ability to perform

basic work activities." Id. at p. 378 (cleaned up). If Plaintiff "does not make a *de minimis* showing that []he has an impairment or combination of impairments severe enough to interfere with [his] ability to work, then the disability claim is denied." Id. Additionally, to be eligible for disability benefits, Plaintiff must demonstrate that his disability existed prior to the expiration of his insured status on September 30, 2011. Cruz-Rivera v. Sec'y of Health and Human Servs., 818 F.2d 96, 97 (D.P.R. June 3, 1986). Generally, ALJs must give controlling weight to a medical treating source's opinion if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1521; 404.1527(c)(2). An ALJ cannot use a claimant's statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment. Id.

In the instant case, the ALJ recounted in her decision Plaintiff's statements during the hearing. Tr. 13-14. Plaintiff suffered a traumatic event in May 2009, when he witnessed a shooting. Tr. 31-34. He testified that he has not been able to recover from the experience and that as a result of that experience he cannot be in crowds of people and does not trust anyone. Id. He is treated by psychiatrist Dr. Luis Rojas Ruiz, who prescribes medication to improve his condition. Id. Plaintiff also testified about having shoulder pain, which causes things to fall out of his hands. Id. He also developed a knot in his low back, which makes it impossible for him to get out of bed. Tr. 32. As a result of the trauma of the shooting experience, Plaintiff stated that he has difficulty breathing as he is always thinking about what happened. Tr. 34. He was also diagnosed with asthma at birth. Id. After considering the record, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not consistent with the objective evidence pertaining to the relevant period. Tr. 14. The ALJ stated in her decision that the record is lacking a mental health evaluation or ongoing treatment. And that there was no objective treatment record of the alleged right shoulder, arm, and back problems, or Plaintiff's diabetes. Tr. 14. The ALJ noted that Plaintiff's asthma was routinely treated with Albuterol, Ventolin, and other medications for asthma. Tr. 14, 685, 689-90, 724-48. And that during exacerbations, Plaintiff was treated with Medrol. Id. The ALJ also noted that Plaintiff was in the morbid obese range due to his height and body mass index. Tr. 640. The ALJ credited the assessment from SSA psychological consultant Dr. Carmen Piñeiro, who stated that there was no evidence to determine the claimant's mental condition for the relevant period of the alleged onset date of August 18, 2009 through the date last insured, September 20, 2011. Tr. 448. Likewise, the ALJ credited SSA psychological

6

consultant Luis Umpierre, who stated that the review of the evidence did not show a medically determinable impairment during the relevant period, and Nicolas Betancourt, SSA medical consultant, who found the evidence on the record insufficient to properly evaluate the relevant period. Tr. 462-63.

Plaintiff is not entitled to disability benefits unless he can demonstrate that his disability existed prior to the expiration of his insured status. López-González, 59 F.Supp.3d at 375; Cruz-Rivera, 818 F.2d at 97. After reviewing the record, I agree with the ALJ. The record contains little to no evidence regarding objective medical findings during the relevant period, from August 18, 2009 to September 30, 2011, to establish a severe condition that lasted twelve months or evidence of functional restrictions. And an ALJ cannot use a claimant's statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment. See 20 C.F.R. §§ 404.1521. In fact, Plaintiff concedes that the ALJ was "technically correct" in stating that there was no record of a mental evaluation or ongoing treatment. Docket No. 15 at p. 14. Other than the evidence discussed in the ALJ's decision, there is one Emergency Room treatment note from 2009 related to multiple traumas Plaintiff suffered after apparently having been assaulted (Tr. 731-33), a progress note dated March 23, 2010, from Dr. Arnaldo Rosario Padró, a primary care doctor, concerning "cold symptoms" and a prescription (Tr. 691, 695), several progress notes dated March 23, 2010, January 12, 2011 (cold symptoms), March 7, 2011 (asthma attack), March 22, 2011, May 18, 2011 (bronchial asthma controlled) from Dr. Arnaldo Rosario Padró (Tr. 685, 689-91, 737, 739, 743), and two Emergency Room treatment notes from March 2, 2011 (congestion, headache, chest pain) and March 4, 2011 (difficulty breathing) (Tr. 737, 739, 743). But see Hur v. Barnhart, 94 F. App'x. 130, 133 (3d Cir. 2004) (the ALJ need not discuss in her opinion every tidbit of evidence included in the record). And the evidence from the twelve months prior to the relevant period shows that Plaintiff had normal mental examinations. Tr. 1079, 1090. He also visited the hospital on February 27, 2009 (car collision), May 5, 2009 (nervous crisis and chest pain), and May 12, 2009 (chest pain and trouble breathing). Tr. 725-30, 1079, 1088-97. The

7

remaining evidence predates the twelve months prior to the onset date and postdates the relevant period.[3]

Plaintiff asks the Court to find that the ALJ had to develop the record with the available evidence for a period close to the onset date on August 18, 2009, or to the date last insured on September 30, 2011. Docket No. 15 at pp. 15-16. The Commissioner argues that Plaintiff has failed to identify any such evidence and that, although the ALJ could have obtained a consultative examination to help develop the record, it would have been futile because more than ten (10) years passed since the relevant period expired. Docket No. 18 at p. 6.

Although Plaintiff has the general burden of proving that he has a disability within the meaning of the Act, because of the non-adversarial nature of disability determination proceedings, the ALJ has to develop the administrative record for at least the twelve-month period prior to the date that the claimant filed for disability. Torres-Pagán v. Berryhill, 899 F.3d 54, 59 (1st Cir. 2018); 42 U.S.C. § 404.1512(d). That responsibility may come into play in cases where the appellant is unrepresented, the claim seems substantial on its face, there are gaps in the evidence, and those gaps could be filled without undue burden. Id. Here, as the Commissioner correctly points out, Plaintiff failed to identify what evidence is missing from the record. Plaintiff filed his application for disability benefits on February 18, 2021, nearly ten (10) years after his date last insured. Plaintiff was represented by counsel before the ALJ. The ALJ considered the evidence on the record. Nothing in the transcript of the proceedings indicates that the ALJ failed to "fill the gaps" because no gaps were identified during the hearing. And the ALJ carefully asked Plaintiff about his conditions and treatments during the relevant period. Tr. 32-35. Compare Torres-Pagán, 899 F.3d at 59 (finding the record was undeveloped because the ALJ "was more aware that [claimant] was undergoing psychiatric treatment … and yet hardly inquired about the treatment."). Although the ALJ may supplement the record by referring the claimant for a consultative examination under 20 C.F.R. § 404.1517, there is nothing in the record to allow me to conclude that such an examination would have helped the ALJ render her opinion. Merced v. Astrue, 2012 WL 1110599, at *8 (D.P.R. Mar. 30, 2012) ("Although the Commissioner may supplement the record by

---

[3] The Court is not to consider evidence dated past September 30, 2011. The treatment notes from Plaintiff's psychiatrist Dr. Luis Rojas Ruiz state that Plaintiff's mental impairments had an onset date of March 29, 2012. Tr. 749. See Social Security Regulation 83-10, 1983 WL 31251, at *8 ("disability cannot begin after a worker's disability insured status has expired."); López-González, 59 F.Supp.3d at 375; Cruz-Rivera, 818 F.2d at 97.

referring a claimant for a consultative examination, it would likely have been fruitless in plaintiff's case as nearly three years had lapsed since plaintiff's insured status expired."); Henderson v. Colvin, 2017 WL 471573, at *4 (S.D. Ms. Feb. 3, 2017) ("[…] the consultative examinations would have occurred in 2014, after Henderson's insured status expired. Hence additional consultative examinations would be unlikely to produce relevant medical opinion evidence regarding Henderson's condition during the period of Henderson's insured status[.]"). And the SSA does not purchase consultative examinations "when your insured status expired in the past and there is no possibility of establishing an onset date prior to the date your insured status expired." 20 C.F.R. § 404.1419b(c). In the end, the primary responsibility rests on the claimant to provide sufficient medical evidence about his impairments and their severity. The record was adequately developed.[4]

## IV.   Conclusion

Plaintiff did not make a *de minimis* showing that his impairments were severe enough to interfere with his ability to work. The record supports the ALJ's step two non-disability determination. And the ALJ did not have a duty to further develop the record. After thoroughly and carefully reviewing the record, and there being no good cause to reverse or remand, the final decision of the Commissioner is **AFFIRMED**, and this action is dismissed.

Judgment is to be entered accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 28th day of March 2025.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

---

[4] Plaintiff briefly mentions that the ALJ failed to follow SSR 16-3p. Docket No. 15 at p. 13. The argument, however, is underdeveloped and deemed waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).